## BUEHRLE v. THE COMMISSIONERS OF MAHONING COUNTY.

*County commissioners—Bridges—Determination of carrying capacity—Section 7572, General Code—Right to limit weight of loads—Sections 7246 and 7250, General Code, inapplicable, when—Maximum weight of loads—Injunction.*

1. After the commissioners and surveyor of a county have ascertained the carrying capacity of a county bridge upon an improved highway of their county, and given the warning and notice required by Section 7572, General Code, any person driving thereon a loaded conveyance of greater weight than the carrying capacity of such bridge is subject to the fine and liability provided in that section.

2. The county commissioners cannot be enjoined from causing the arrest and conviction of persons driving over a county bridge on an improved highway in their county with a loaded conveyance of greater weight than the carrying capacity of such bridge, as ascertained under the provisions of Section 7572, General Code, although its carrying capacity is less than the weight allowed to be propelled over the improved highways and bridges thereon by Section 7246, General Code.

3. Section 7250, General Code, does not prohibit the commissioners of a county from ascertaining the carrying capacity of the bridges on the improved highway of the county under Section 7572, and limiting weight of the load that can be transported over such bridges to the carrying capacity thereof, although such capacity be less than the weight allowed by Sections 7246 to 7249, inclusive, General Code.

(Decided April 1, 1921.)

APPEAL: Court of Appeals for Mahoning county.

*Messrs. Henderson, Wickham & Maiden,* for plaintiff.

*Mr. H. H. Hull,* prosecuting attorney, and *Mr. Thomas E. Thomas,* for defendant.

POLLOCK, J.   This action comes into this court
on appeal, and was submitted on the pleadings, evi-
dence and argument of counsel.

Some time prior to the bringing of the action in
the court below, the county commissioners, together
with the county surveyor, proceeded in compliance
with Section 7572, General Code, to determine the
carrying capacity of each of the county bridges in
the county, including those on the improved high-
ways thereof, and took the necessary steps under
that section to give notice of the carrying capacity
of each bridge, and caution all persons using the
highways against driving over a bridge with a
vehicle, including its load, of greater weight than
the carrying capacity of such bridge.

Plaintiff in his petition alleged that he is engaged
in the business of hauling over the improved high-
ways of the county with heavy trucks, and passing
over the bridges on such highways with vehicles,
including the load thereof, of greater weight than
the carrying capacity of such bridges as determined
by the commissioners and surveyor.   Further, that
he brings this action for the benefit of himself and
others in like business.

The plaintiff claims that the action of the com-
missioners in applying the provisions of Section
7572, General Code, to the bridges on the improved
highways of the county, is in violation of the pro-
visions of Section 7246 and following sections,
which provide for the weight, surface of the tires
and speed of vehicles operated over the improved
highways and bridges thereon of the state.

Plaintiff prays that an injunction may issue re-
straining the commissioners from limiting the right

to pass over the bridges on such roads to the carrying capacity as determined by them and the surveyor.

There was an issue joined by answer, and the action submitted on testimony.

It appears that plaintiff and others in the prosecution of their business are operating heavy trucks, or trucks carrying heavy loads, over the improved highways of the county; that the trucks, including their loads, hauled over the improved highways, do not exceed the weight authorized by Section 7246, but do exceed the carrying capacity of the bridges on such highways as determined by the county commissioners and surveyor.

The question to be determined is whether the provisions of Section 7572, General Code, apply to county bridges on the improved highways since the enactment of Section 7246 and other sections of the Code.

Section 7572, General Code, reads as follows:

"The county commissioners of each county in Ohio, together with the county surveyor or an engineer to be selected by such commissioners, may ascertain the carrying capacity of every county bridge within their county, and when such carrying capacity of any such bridge is ascertained, warning notice thereof shall be conspicuously painted in large letters at each end of such county bridge. Such notice shall also caution all persons against driving thereon a loaded conveyance of greater weight than the carrying capacity thereof, or more than twenty head of horses or cattle at one time. Any person violating the provisions of this section

shall be fined in any sum of not more than one hundred dollars nor less than twenty-five dollars, and in addition thereto, such county may recover from the person so convicted all damages resulting from the injury to such bridges."

This section was enacted many years ago, and is found in the chapter of the Code devoted to bridges.

The section under which the plaintiff claims the right to transport over the improved highways loads of greater weight than the carrying capacity of the bridges thereon is Section 7246, General Code, passed March 20, 1917, 107 Ohio Laws, 139.

This section provides:

"No traction engine, trailor, wagon, truck, steam roller, automobile truck or other power vehicle, whether propelled by muscular or motor power, weighing in excess of twelve tons, including weight of vehicle, object or contrivance and load, shall be operated over and upon the improved public streets, highways, bridges or culverts within the state, except as hereinafter provided.".

Then comes an exception in Section 7247, providing that the county surveyor, upon application in writing by the owner or person having charge thereof, may grant permission for the moving of vehicles of greater weight than that provided in the former section. This gives the county surveyor, if in his judgment vehicles of greater weight can be operated over the improved highways in safety and without doing unreasonable damage thereto, the right to grant that permission.

22

The next section (Section 7248, General Code) regulates the weight of the vehicle and load that can be transported over such highways in relation to the tire surface of the vehicle, giving the right to increase the weight as the surface of the tire is increased.

Then Section 7249 regulates the speed at which vehicles carrying certain weight may be operated over improved highways.

It clearly appears from a reference to the above several sections that the legislature had in mind the protection of the improved highways of the state from damage or destruction by persons operating motor vehicles carrying excessive loads. Is there then such conflict between the provisions of the section relating to bridges, and the section we have referred to in the chapter which provides for the improved roads, that the commissioners of the county cannot enforce the provisions of the former section?

Section 7572, General Code, applies to county bridges, and authorizes the county commissioners and surveyor to determine the weight of the vehicles, including the load, that each of such bridges was constructed to carry. After the notice and caution required by the section are given, it imposes a penalty for the violation of the provisions thereof.

The object in the passage of this section was to protect the bridges of the county from damage or destruction by transporting thereover a vehicle, including its load, of greater weight than the bridge was intended to carry, and at the same time to

guard the public from unnecessary delay and inconvenience in traveling over the highways of the county, occasioned by damaged or destroyed bridges thereon.

Section 7246 is intended to protect the improved highways and bridges thereon from unreasonable damage by transporting over them loads of greater weight than twelve tons. Wherein is the conflict between the two sections? If the carrying capacity, determined under the provisions of the former section, of any bridges on an improved highway, is greater than the prohibited weight fixed by Section 7246, then the provisions of that section would limit the weight of a vehicle, including its load, that could pass over that bridge on such public highway. In that case the carrying capacity of the bridge on such road would not be exceeded, and the provisions of that section would not be violated. If, however, the carrying capacity of a bridge on an improved highway determined by Section 7572 should be less than twelve tons, then the carrying capacity of that bridge would determine the weight of the vehicle, including its load, that could be transported over such a bridge. In such a case the provisions of Section 7246 would not be violated, for the carrying capacity does not exceed twelve tons.

That section fixes only a maximum and not the minimum weight that can be transported over the improved highways.

It is urged that when the legislature, by Section 7246, fixed a maximum weight that could be transported over the improved highways of the state, it

by implication legalized the use of such highways up to that limit; that its effect was to repeal by implication Section 7572 so far as it related to or affected the bridges on improved highways.

Under the rule of construction that where there is a conflict between two sections of the Code, the later enactment prevails, the supreme court of this state says, in *Henderson* v. *Clerk of Council, City of Cincinnati,* 81 Ohio St., 27, at page 31:

"It is pertinent, therefore, to bear in mind that amendments by implication occur only when it results from the necessity of giving effect to the later legislation."

It is also said in *Dodge* v. *Gridley,* 10 Ohio, 173, at page 178:

"Where two affirmative statutes exist, one is not to be construed to repeal the other by implication, unless they can be reconciled by no mode of interpretation."

We can see no conflict between the two sections. Whenever a traveler on an improved highway of this state is transporting loads thereon in violation of the provisions of Section 7572, he can be punished in accordance with the provisions of that section without any conflict with Section 7246.

We also note the provisions of Section 7250, which reads as follows:

"The weights of loads prescribed and the rates of speed mentioned in Sections 7246 to 7249 inclusive of the General Code shall not be decreased or prohibited by any ordinance, resolution, rule or regulation of a municipal corporation, board of county

commissioners, board of township trustees or other public authority."

The question arises whether the above section prevents the enforcement of Section 7572 in case the carrying capacity of a bridge on an improved highway is of diminished weight to that allowed by Section 7246.

That section prohibits the county commissioners by any resolution, rule or regulation from diminishing the weight of the loads transported over the improved highways below that allowed by Sections 7546 to 7549, inclusive. The limitation of the weight of a load that can be transported over a county bridge under the provisions of Section 7572 is not a rule or regulation of the county commissioners, but a legislative enactment. The only duty imposed upon the commissioners and surveyor is to determine the carrying capacity of the several bridges in their county, and give the notice and caution required by the section. The penalty provided for by the section is then in full force, and applies to any county bridges whether on improved highways or not.

It is true that the word "may" appears in the section where it directs such officials to ascertain the carrying capacity of the bridges, but such officials would be derelict in the performance of their duty if they permitted the county bridges to be destroyed by vehicles carrying greater weight than the bridges were intended to carry.

We do not think that Section 7250 applies to the statutory provision, but only to rules and regula-

tions which the county commissioners might themselves attempt to impose upon the public traveling over the improved roads of the state.

*Judgment in favor of the defendant; plaintiff's petition dismissed.*

FARR, P. J., and ROBERTS, J., concur.